WM. BRAY, Executor of Estate of JOHN FITZGERALD, Deceased, v. NICHOLAS BRAY, Appellant.

**Bills and notes:** SETTLEMENT: EVIDENCE. The evidence in a suit
1  on notes due an estate to which defendant pleaded a settlement is reviewed and held to support a verdict for plaintiff.

**Appeal:** REVIEW OF QUESTION NOT RAISED BELOW. Where there was
2  no ruling of the trial court with respect to the right of certain attorneys to take part in the trial of a cause, an objection thereto will not be reviewed on appeal.

**Argument:** MISSTATEMENT OF COUNSEL. In an action by an executor
3  on notes belonging to the estate against which defendant interposed a claim for services, an objection to a statement of plaintiff's counsel that defendant could otherwise enforce his claim by filing the same against the estate, is held to have been without prejudice although the ordinary statutory time for filing claims had expired.

*Appeal from Dubuque District Court. — HON. FRED O'DON-*
*NELL, Judge.*

TUESDAY, MAY 9, 1905.

ACTION by plaintiff, as executor, to recover the amount due on two promissory notes for $2,000 and $1,000, respectively, which had been executed and delivered by defendant to the testator during his lifetime, but of which defendant, who was his physician, had obtained possession some time before testator's death.   The defendant interposed a general denial, and also, by an amendment, alleged that the notes were surrendered by testator before his death to defendant, in pursuance of a settlement by which testator's indebtedness to the defendant for professional services had been extinguished, and defendant had assumed an obligation to treat testator so long as he lived without further charge, and give him a decent burial when he died, and the further obligation to pay to a sister of testator $500, of which sum $400 had been paid to and accepted by her.   Verdict and judgment for plaintiff for $2,794.40.   Defendant appeals.— *Affirmed.*

*R. W. Stewart,* for appellant.

*T. J. Fitzpatrick,* for appellee.

MCCLAIN, J. — It is claimed that there was error in allowing Lyon & Lyon, a firm of attorneys, to take part in the trial of the case as counsel for certain claimants who were not parties to the proceeding.   But it appears that these attorneys had, with others, signed the original petition as attorneys for plaintiff, and we find no question raised in any proper way as to their right to take part in the trial.   The objection that the claimants, whom it is asserted these' attorneys represented, whether with or without right, appeared in the case, is predicated on the assumption that Lyon & Lyon repre-

2. APPEAL: review of question not raised below.

sented them, and did not represent the plaintiff; but, as no ruling with reference to the right of Lyon & Lyon to act as associate counsel for plaintiff was asked, there is no question for us to consider.

Misconduct of a member of the firm of Lyon & Lyon was urged as a ground for a new trial, the objection being that intemperate and unwarranted assertions were made by him in the examination of witnesses and in addressing the jury. Without extending the opinion by setting out the language used, and explaining the details of the evidence with reference to which it was used, it is sufficient to say that the trial court held that the legitimate bounds had not been transgressed in the examination of witnesses and in remarks to the jury, and we are content to accept the conclusion of the trial court. We do not find anything in the record to justify a reversal of the case in this respect.

It is especially urged, however, that counsel stated to the 'jury that, for any professional services rendered by defendant to testator, defendant might file his claim against the estate, as any other claimant might do, and

3. ARGUMENT: misstatement of counsel.

that the court approved of this statement as correct. It is now said that the time for filing claims against the estate had then already expired, and that the assertions of counsel approved by the court were therefore erroneous. Counsel for defendant did not at that time call the attention of opposing counsel or the court to the fact that the time for filing claims had expired, and, as that was a matter of fact and not of law, and the facts were not in issue, we think that there was no prejudicial error. The estate not being settled, the expiration of the time allowed by statute for filing claims would not be a complete bar in any event, for, on equitable grounds, the filing of defendant's claims might be permitted. But the suggestion was by way of argument only about a collateral matter, and we do not feel called upon to reverse the judgment on any such objections.

It is further contended that there was no evidence to support the verdict, inasmuch as the evidence tending to show a settlement was uncontradicted. It appeared without

1. BILLS AND NOTES: settlement; evidence.

dispute that defendant had borrowed from testator the money for which these notes were given, and that for a considerable time the notes remained in the possession of testator. The possession of the notes by defendant after testator's death would no doubt constitute presumptive evidence of payment, in the absence of any other evidence on the subject, but the defendant's own testimony negatived that presumption. He narrated the circumstances under which he obtained possession of the notes, and those circumstances did not indicate payment, but were relied upon as showing a settlement, as already described, and the burden was on him to prove such settlement as an affirmative defense. Now, while his testimony was not in terms contradicted, and could not very well be contradicted, as he testified to a conversation with testator at which no one else, so far as he knew, was present, nevertheless the credibility of his testimony, as supporting his affirmative defense, was for the jury. There were acts and declarations of the defendant testified to by other witnesses which were inconsistent with his claim, and he wholly failed, by the production of books or otherwise, to corroborate his testimony in respects in which it might have been thus corroborated.

Furthermore plaintiff introduced in evidence receipts by defendant to testator for small amounts, given not very long before the alleged settlement, in which it was specified that the amounts received were in full for services rendered; and while it is true, as argued, that giving a receipt in full for services specified in the receipt did not necessarily negative the existence of an indebtedness from testator to decedent for other services, nevertheless such receipts did certainly tend to throw discredit upon the defendant's testimony, for defendant admitted as a witness that the services rendered for testator between the time of the giving of these

receipts and the time of the making of the settlement did not account for any considerable part of the balance of $1,600 for professional services which he claimed to have been due to him at the time of the settlement. It is hardly necessary to say that, even though the competency of the testimony was not questioned, the jury were justified in looking with some suspicion upon the testimony of a physician claiming to have made a settlement with his patient while the relation of physician and patient, existed, at which no third person was asked to be present, and of which no written evidence was preserved; and it is to be borne in mind that the nature of the settlement was such that it was not likely to be called in question, or any further reference to it made, until after the patient's death. Defendant testified that in pursuance of this settlement the two notes which, as he claims, were then surrendered to him, were destroyed by his wife; but, so far as appears in the record, he made no effort to have his wife called as a witness to corroborate the fact of their destruction, nor did he introduce his books for the purpose of showing that any entry was made thereon of the payment or satisfaction of the balance which, as he claims, his books showed to be due from the testator to him. Perhaps his books could not have been introduced by him for the purpose of showing an entry of payment, inasmuch as he would have been relying on such entry in his own favor, but at any rate he might have introduced his books to show the charges, and in that connection it would have appeared whether entry of payment was made; and, while he suggested during his examination that he could produce the books, he entirely failed to do so, or to give any excuse for not doing so.

The jury was directed by the court that they might deduct from the amount of the notes and interest any amount paid out by defendant to the sister of testator, in pursuance of the direction given by the testator, in accordance with which defendant was to keep the notes as custodian. And this, it. appears, the jury did. But it is claimed there was

no evidence that defendant was to keep the notes as custodian, and that the instruction is therefore without support. We think, however, that the testimony of the sister of testator, with whom he resided, as to parts of the conversation overheard by her between the testator and defendant at the time defendant claims that he made the settlement on which he relied, tended to show that such arrangement was made, and that the instruction was therefore not entirely without support in the evidence.

Other instructions are criticised, but we think they were correct, and that there was evidence to support them.

The judgment of the trial court is therefore *affirmed*.